IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:07CR138-MEF |
| | ) | |
| ANTHONY W. WILLIAMS | ) | |

### ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing

was held on July 25, 2007.  For the following facts and reasons, the court concludes that

the defendant should be detained pending trial in this case.

The court finds there is probable cause to believe that the defendant has committed

an offense for which the maximum term of imprisonment of ten years or more is

prescribed in 21 U.S.C. § 841(a)(1).  The defendant has not rebutted the presumption

established by this finding that no condition or combination of conditions will reasonably

assure the appearance of the defendant as required and the safety of the community.  As

explained below there is a serious risk the defendant will not appear and will endanger the

safety of another person or the community.

I find that the credible testimony and information including the Pretrial Services

Report submitted at the hearing establishes by both a preponderance of evidence with

respect to flight and clear and convincing evidence with respect to dangerousness the

following: the defendant is charged with 4 counts[1] of distribution of crack cocaine and 1

---

[1] These four counts are based on controlled buys by a confidential informant which are recorded

(continued...)

count of distribution of cocaine in violation of 18 U.S.C. § 841(a)(1). The statutory minimum term of imprisonment for the first 3 counts is not less than 10 years each and the statutory minimum for count 4 is not less than 20 years.[2] The defendant has a substantial criminal history including convictions for possession of controlled substances and burglary. In addition, the defendant has been convicted of assault as well as several other less serious offenses. In regard to several traffic offenses, the defendant has failed to appear to answer those charges and warrants for his arrest were issued and served. Thus, even thought the defendant turned himself in to the United States Marshal in response to the warrant in this case, the presumption remains in the case as to a flight risk given both the nature of the charges and his past failures to appear.

The defendant has a history of drug abuse and has recently used both marijuana and cocaine. Given the seriousness of the offenses, the minimum term of imprisonment upon conviction, the defendant's prior criminal history and his history of failure to appear, the court concludes that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant or protect the community and that the defendant should be detained. In reaching this conclusion, the court has carefully considered as required by 18 U.S.C. § 3142(g) the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and

---

[1](...continued)
on both video and audio recordings. Thus, the weight of the evidence is extremely strong in this case.

[2]Given the defendant's criminal history, he may fall under the career criminal provisions of the Sentencing Guidelines which will substantially increase any reasonable sentence imposed on him.

characteristics of the defendant as set forth in the Pretrial Services Report as well as the evidence adduced at the hearing and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. In this regard, the court notes that home detention will not protect the community as the defendant has shown a willingness to sell drugs from his own home, and there is no condition of release which can prevent that activity. Finally, the court notes that the defendant has not in the past shown a willingness to abide by orders of a court as evidenced by his failure to make child support payments, a failure for which he has served time in jail for contempt.

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Done this 26th day of July, 2005.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

.

3